IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MADISON COUNTY, MISSISSIPPI
by and through the Madison County Board
of Supervisors                                                                                          PLAINTIFF

V.                                                                            CAUSE NO. 3:16-CV-240-CWR-FKB

RUDY WARNOCK and
WARNOCK & ASSOCIATES                                                                      DEFENDANTS

V.

DAN GAILLET; TREY BAXTER;
SHELIA JONES; DAVID BISHOP;
GERALD STEEN; and PAUL GRIFFIN
                                                                                            THIRD-PARTY DEFENDANTS


## MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff Madison County's Motion to Remand and the third-party defendants' Motion to Dismiss. Docket Nos. 10 and 24. The motions are fully briefed and ready for adjudication.

**I. Background**

Prior to January 4, 2016, defendant Rudy Warnock served as the County Road Engineer/Manager and State Aid County Engineer for Madison County. Docket No. 1-2. Along with his engineering firm, the parties entered into contracts for the provision of State Aid, General Engineering, and Project Specific Engineering Services.[1] On January 4, 2016, the Madison County Board of Supervisors voted to terminate the contracts.

---

[1] Hereinafter, the defendants are referred to collectively as "Warnock."

1

On March 24, 2016, Warnock filed a lawsuit against Madison County and the third-party defendants in this Court alleging breach of contract, copyright infringement, contributory infringement, and vicarious infringement. *See Warnock & Associates, LLC and Rudolph M. Warnock Jr. v. Madison County, et al.*, No. 3:16-CV-68-CWR-FKB (S.D. Miss.) [hereinafter *Warnock I*]. According to the complaint in that case, the contractual agreement "granted Madison County a non-exclusive license to utilize [Warnock's] copyrights in connection with past and ongoing projects, but such license was specifically contingent upon full payment." *Id.* at Docket No. 3. Warnock contended that Madison County failed to make full payment for services rendered and continues to use the copyrighted plans to complete the projects, in violation of the Copyright Act. Warnock argued, because "the County admittedly failed to remit full payment for the use of [Warnock]'s Copyrighted Work, all licenses are accordingly void," and any further use of the plans by Madison County amounts to infringement under the Copyright Act. *Id.* Warnock sought monetary, declaratory, and injunctive relief.

Madison County and the other defendants challenged this Court's jurisdiction, alleging that Warnock's claims did not arise under the Copyright Act. In that case, this Court ruled that Warnock's complaint stated a claim of Copyright Infringement and this Court had jurisdiction over the case. *See id.* at Docket No. 37.

On March 30, 2016, while the other action was pending, Madison County filed the instant lawsuit in the Madison County Circuit Court claiming breach of contract, intentional interference with contract, professional negligence, conversion, and breach of the duty of good faith and fair dealing. The County sought an accounting, injunctive relief, and punitive damages. On April 4, 2016, Warnock timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441(c) and 1454. Warnock argues that this Court has jurisdiction because Madison County's state law

claims actually arise under the Copyright Act.  Warnock also argues that jurisdiction is proper because he asserted counterclaims that arise under the Copyright Act.

The motions presently before the Court followed.

## II.  Standard of Review

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress."  *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted).  Article III of the Constitution gives federal courts jurisdiction over cases "arising under" federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (citation omitted).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor."  *Cuevas v. BAC Home Loan Servicing, LP.,* 648 F.3d 242, 248 (5th Cir. 2011).  "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."  *Church v. Nationwide Ins. Co.*, No. 3:10-CV-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-CV-273, 2011 WL 3290394, at *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against finding jurisdiction.").

**III. Copyright and Jurisdiction**

District courts have exclusive original jurisdiction over civil actions arising under federal copyright laws.  *See* 28 U.S.C. § 1338(a).

> "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring constructing of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)).  This is known as the *Harms* test.

To establish a claim of infringement under the Copyright Act, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Architettura, Inc. v. DBSI Cumberland at Granbury LP*, 652 F. Supp. 2d 775, 780 (N.D. Tex. 2009) (citing *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340, 360 (1991)).

It is well-established that "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation omitted).  Congress, however, recently created an exception to that general proposition.  *See* 28 U.S.C. § 1454.  Defendants with patent or copyright counterclaims are no longer precluded from federal court jurisdiction based on the plaintiff's well-pleaded state law complaint.  *Donahue v. Tokyo Electron America, Inc.*, 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014); *Team Express Distributing LLC v. Junction Solutions, Inc.*, No. 5:15-CV-994, 2016 WL 3081020, at *2 (W.D. Tex. May, 31, 2016) (citations omitted).  Under § 1454(a), federal courts have jurisdiction over "[a] civil action in which *any* party asserts a claim for relief arising under any Act of Congress relating to ... copyrights."  28 U.S.C. §1454(a) (emphasis added).  The addition of a claim

involving a copyright, however, is insufficient to give federal courts jurisdiction. Rather, the court must determine whether the action "arises under the Copyright Act.' *Id.* (citing 28 U.S.C. § 1338(a)).

Where a defendant's counterclaims are asserted after removal and arise under the Copyright Act, "federal courts have jurisdiction over the counterclaims, and [may] exercise supplemental jurisdiction over [the] plaintiff's claims." *Acorne Productions, LLC v. Tjeknavorian*, 33 F. Supp. 3d 175, 182 (E.D.N.Y. 2014) (citing 28 U.S.C. § 1454(d)(1)).

## IV. Discussion

Here, Warnock's counterclaims are the same claims previously alleged in his lawsuit against Madison County. *See Warnock I*. In that case, this Court concluded that it possessed subject matter jurisdiction over Warnock's claims because they arose under the Copyright Act. *Id*. at Docket No. 37. Because the original claims and the counterclaims are the same, the Court finds that it has subject matter jurisdiction over Warnock's counterclaims and supplemental jurisdiction over Madison County's state law claims.

## V. Conclusion

Based on the foregoing, the plaintiffs' motion to remand is denied. The third-party defendants' motion to dismiss based on qualified immunity is carried with this case.[2]

**SO ORDERED,** this the 21st day of September, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] In the Court's previous order, the third-party defendants' motion to dismiss for lack of jurisdiction was denied and the qualified immunity defense raised in their motion was carried with that case. *Warnock I*, at Docket No. 37.